Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone:  (925) 487-5607
Email: *seth@sethwienerlaw.com*

Attorney for Plaintiff
RICHARD KATZMAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KATZMAN;<br><br>                         Plaintiff,<br><br>v.<br><br><br>ABC FITNESS SOLUTIONS, LLC;<br>FITNESS 19, LLC; and DOES 1 through 10;<br><br>                         Defendants. | Case No.: 5:22-cv-4980<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Richard Katzman ("Plaintiff" or "Katzman") for his Complaint against Defendants ABC Fitness Solutions, LLC, Fitness 19, LLC, and Does 1 through 10 (collectively, "Defendants") makes the allegations below.

**INTRODUCTION**

1. This case arises under the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act.  For the past three years, Katzman has been subjected to a barrage of robocalls made by the Defendants concerning a nonexistent debt.  By this lawsuit, Katzman seeks financial damages for the Defendants' unlawful conduct.

**PARTIES**

2. Plaintiff is an individual resident in the County of Santa Clara, State of California.

3. Plaintiff is informed and believes, and thereon alleges, that ABC Fitness Solutions, LLC ("ABC Fitness Solutions") is a limited liability company organized under the laws of the State of Delaware, and that its agent for service of process is CT Corporation System.

4. Plaintiff is informed and believes, and thereon alleges, that Fitness 19, LLC ("Fitness 19") was formerly known as The Right Stuff Health Club, and is a limited liability company organized under the laws of the State of California, and that its agent for service of process is Incorp Services, Inc.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1367.

## VENUE

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because: (i) Plaintiff resides in the County of Santa Clara, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. To protect consumers privacy interests, Congress enacted the Telephone Consumer Protection Act of 1991 ("TCPA"). Among other things, the TCPA generally makes it illegal to place what are colloquially known as "robocalls" to someone's cell phone. The statutory provision at issue here, which governs calls made to cell phones, provides in relevant part: "It shall be unlawful for any person … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

## THE FAIR DEBT COLLECTION PRACTICES ACT

10. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 due to

finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" and that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. § 1692(a), (b). Congress d intended "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In other words, the FDCPA was designed to stop "unscrupulous debt collectors" from using a "host of unfair, harassing, and deceptive debt collection practices …" S. Rep. No. 95-382, at 1-2, reprinted in 1977 U.S.C.C.A.N. 1695, 1696 (1977). Under § 1692d, a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute identifies a non-exhaustive list of prohibited conduct, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.* § 1692d(5).

## FACTUAL ALLEGATIONS

11. On December 12, 2013, Katzman entered into a Membership Agreement with The Right Stuff Health Club, which was effective for a period of 24 months. Katzman paid all amounts due under the Membership Agreement.

12. Katzman is informed and believes, and based thereon alleges, that Fitness 19 is a successor in interest to SIM Investments Corp.

13. Following the expiration of the Membership Agreement to the present date, Defendants have made hundreds of robocalls to Katzman's cellular telephone, (408) 306-XXXX. Each robocall delivers a prerecorded message stating:

> Hello. This is Eric Riley calling on behalf of Fitness 19 Campbell with an important message regarding your membership. I am with ABC Financial, the billing company for Fitness 19 Campbell. I am trying to contact you one final time regarding your fitness membership account. It is extremely urgent that you contact my customer care division at 800-897-6877 to resolve this matter. Again, this is Eric from ABC calling with a final attempt to contact you to resolve an issue with your Fitness 19 Campbell account. My

Complaint – Page 3

customer care division is available to help you resolve this extremely urgent matter. However, time is running out. Please call us at 800-897-6877. Thank you for your prompt attention to this important matter.

14. Katzman has not provided consent for the unsolicited telephone calls.

15. On August 28, 2022, Katzman sent a written cease and desist demand to ABC Fitness Solutions demanding that it place Katzman on its do-not-call list. ABC Fitness Solutions ignored this cease and desist demand and has continued to make robocalls to Katzman.

## FIRST CAUSE OF ACTION

## Violation of Telephone Consumer Protection Act

## (Against All Defendants)

16. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

17. Defendants made hundreds of telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or prerecorded voice/

18. The calls were made without Plaintiff's prior express consent.

19. Plaintiff suffered an actual monetary loss as a result of Defendants' violations of the Telephone Consumer Protection Act, and is entitled to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants willfully or knowingly violated the Telephone Consumer Protection Act, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## SECOND CAUSE OF ACTION

## Violation of Fair Debt Collection Practices Act

## (Against ABC Fitness Solutions and Does 1-10)

20. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

21. Plaintiff is informed and believes, and thereon alleges, that ABC Fitness Solutions is a "debt collector" as defined by the FDCPA, i.e., a "person who uses any instrumentality of interstate

Complaint – Page 4

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

22. ABC Fitness Solutions engaged in unlawful debt collection practices under the FDCPA, including but not limited to, "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

23. ABC Fitness Solutions is liable to Katzman for (1) actual damages, (2) statutory damages up to $1,000, and (3) reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a).

## THIRD CAUSE OF ACTION

### Violation of California Business and Professions Code §§ 17200, *et seq.*

### (Against All Defendants)

24. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

25. Defendants' acts and practices, described herein, constitute unlawful, unfair, or fraudulent business practices in violation California Business and Professions Code §§ 17200, *et seq.*

26. The above-described unfair, unlawful, and fraudulent business conducted by Defendants present a threat and likelihood of harm and deception to members of the general public in that Defendants have systematically perpetrated and continue to perpetrate the unfair, unlawful, and fraudulent conduct upon members of the public by engaging in the behavior described herein.

27. Pursuant to California Business and Professions Code §§ 17200, 17203, and 17204, Plaintiff seeks an order enjoining Defendants from continuing their unlawful, fraudulent, and deceptive business practices. Plaintiff additionally requests an order awarding him reimbursement of all monies wrongfully acquired by Defendants by means of such unlawful, unfair and fraudulent acts and practices, so as to deter Defendants and to rectify Defendants' unfair, unlawful, and fraudulent practices, and to restore any and all monies to Plaintiff, plus interest, attorneys' fees, and costs, pursuant to California Code of Civil Procedure § 1021.5.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Actual damages under the TCPA and FDCPA in an amount not less than $250,000;
2. Statutory damages in an amount not less than $300,000 under the TCPA;
3. Statutory damages under the FDCPA;
4. Attorney's fees pursuant to 15 U.S.C. § 1692k(a) and Code of Civil Procedure § 1021.5;
5. Restitution and disgorgement;
6. Costs;
7. Injunctive relief; and
8. Prejudgment interest; and
9. Such other relief as awarded by the Court.

# DEMAND FOR TRIAL BY JURY

Plaintiff Richard Katzman demands a trial by jury on all claims so triable.

Dated:  August 31, 2022                               LAW OFFICES OF SETH W. WIENER

By:_____
　　　Seth W. Wiener
　　　Attorneys for Plaintiff
　　　Richard Katzman